**XIU YING WANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–4917–ag.**

United States Court of Appeals, Second Circuit.

July 31, 2008.

Oleh R. Tustaniwsky, Brooklyn, NY, for petitioner.

Gregory Katsas, Acting Assistant Attorney General, Civil Division, Susan K. Houser, Senior Litigation Counsel, T. Bo Stanton, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Xiu Ying Wang, a native and citizen of the People's Republic of China, seeks review of an October 4, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Xiu Ying Wang,* No. A77 340 886 (B.I.A. Oct. 4, 2007). We assume the parties' familiarity

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for- mer Acting Attorney General Peter D. Keisler as the respondent in this case.

with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006).

As an initial matter, because Wang has failed to argue that the BIA abused its discretion in declining to reopen her removal proceedings based on any claim for CAT relief or based on her illegal departure from China, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." *Id.* § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Wang's motion to reopen as untimely where it was filed more than three years after the BIA's decision affirming the Immigration Judge's denial of relief. *See id.* § 1003.2(c)(2). Moreover, we conclude that the BIA did not abuse its discretion in finding that Wang failed to establish mate-

rially "changed circumstances arising in the country of nationality." *id.* § 1003.2(c)(3)(ii). The only evidence Wang submitted in support of her motion was a birth certificate documenting the birth of her first child and a notice from a medical group indicating that she was pregnant again. The BIA properly found that the birth of Wang's children did not suffice to show such changed country conditions. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 273–74 (2d Cir.2006) (finding that the birth of children in the United States does not constitute changed circumstances in the country of nationality). Wang does not challenge that finding.

Rather than challenging the BIA's conclusion that Wang failed to establish changed country conditions, Wang argues that the BIA erred by failing to address several recent decisions of other courts discussing similar claims, as well as this Court's decision in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006). Wang's reference to evidence discussed in other cases is unavailing where she did not submit that evidence with her motion to reopen. *See* 8 U.S.C. § 1252(b)(4)(A). As we have held, remand for agency consideration of documents not in the record is inappropriate. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir.2007).

For the foregoing reasons, the petition for review is **DENIED.** As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DISMISSED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).